UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EARL SMITH, ) <br> ) <br> Defendant. ) <br> ) | No. 6:22-CR-44-REW-HAI <br><br><br><br> RECOMMENDED DISPOSITION |

*** *** *** ***

On January 6, 2023, the Court conducted a competency hearing in this matter, per 18 U.S.C. §§ 4241 and 4247(d).[1] D.E. 15. The hearing followed a motion for a competency evaluation made by Defendant's attorney on August 11, 2022. D.E. 11. The Court granted the motion, ordered an evaluation in a custodial setting, and Defendant was remanded to the custody of the United States Marshal. D.E. 16. The Court, upon the required findings, ordered the psychiatric or psychological examination pursuant to 18 U.S.C. § 4241(b). D.E. 18.

The Court ordered the examination to be performed at the Federal Medical Center in Fort Worth, Texas. D.E. 18. All parties had access to the Forensic Report ("the Report") prepared by Lacie L. Biber, Psy.D. D.E. 31. In the Report, Dr. Biber opined that Defendant is competent for trial purposes. *Id.* at 15. After receipt of the Report and Defendant's return to the District, the Court conducted a final hearing on competency on January 6, 2023. D.E. 40. During the final competency hearing, the parties stipulated to the admissibility of the Report, Dr. Biber's

---

[1] A finding that Defendant is unable to proceed to trial due to mental incompetency could be dispositive of his case. Thus, the Court proceeds via recommended disposition, pursuant to 28 U.S.C. § 636(b)(1)(B)-(C).

qualifications, and the Report's findings. The parties also waived introduction of other proof of argument and waived the right to examine or cross-examine Dr. Biber.

Section 4241 codifies the competency principles of *Dusky v. United States*, 362 U.S. 402 (1960). Thus, to be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as a factual understanding of the proceedings against him." *Dusky*, 362 U.S. at 402; *see also* 18 U.S.C. § 4241(a) (phrasing the test as whether a defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"). Section 4247(d) of 18 U.S.C. governs the competency hearing and assures certain trial-type rights. These include the right to confront and cross-examine witnesses, and the right to participate in the hearing. *See* 18 U.S.C. § 4241(c) (referring to the hearing procedures outlined in section 4247(d)).

Ultimately, per section 4241(d) and based on the hearing, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of section 4241(a). This framework does not dictate which party bears the burden, which has led to disagreement among the Circuits. *See United States v. Carter*, No. 1:12-CR-29, 2013 WL 6668715, at *11 (E.D. Tenn. Dec. 18, 2013) (compiling cases).[2] Here, the proof is not in any way disputed, and the Court need not resolve the burden allocation question. *See Medina v. California*, 505 U.S. 427, 449 (1992) (indicating that argument over

---

[2] The Supreme Court, in dicta, has stated that "Congress has directed that the accused in a federal prosecution must prove incompetence by a preponderance of the evidence." *Cooper v. Oklahoma*, 517 U.S. 348, 362 (1996) (citing 18 U.S.C. § 4241). However, the Sixth Circuit previously stated that "[t]he government must demonstrate by a preponderance of the evidence that defendant is competent to stand trial." *United States v. Chapple*, 47 F.3d 1170 (6th Cir. 1995) (table).

burden, in competency context, only matters in a "narrow class" of cases where the proof is "in equipoise").

Defendant stipulated as to both the admissibility and the substance of the Report. Accordingly, the only proof concerning Defendant's competency is the expert analysis of Dr. Biber. The Report reflects personal observation, a review of Defendant's available medical and criminal history and status, sufficient psychological testing, and a thorough assessment of Defendant's abilities in light of the applicable competency standards. The author analyzed Defendant's history, course of evaluation, and testing performance. Dr. Biber directly observed Defendant via interviews and subjected him to psychological testing. D.E. 31. Dr. Biber also contacted defense counsel and counsel for the government. *Id.* at 3. The evaluator secured and reviewed some legal documents, including Defendant's criminal history, investigation reports and judgments from previous cases, and the Indictment. *Id.*

The Report is a thorough and comprehensive assessment of Defendant's mental and psychiatric condition. According to the Report, Defendant indicated that he currently suffers from colorectal cancer. D.E. 31 at 6. Defendant also reported multiple, prior head injuries that resulted in loss of consciousness. *Id.* The Report notes that, according to his PSR, Defendant reported suffering two strokes during a pervious term of incarceration and experienced grand mal seizures for approximately ten years. *Id.* The Report indicates that Defendant denied any history of mental health diagnosis or treatment but admitted struggling with depressed mood intermittently throughout his life. *Id.* at 8. Defendant also reported increasing problems with his memory. *Id.* In addition to the multiple medications he arrived with, Defendant was prescribed pain medication during the evaluation period. *Id.* at 9.

During the course of the evaluation, Defendant was diagnosed with "Mild Neurocognitive Disorder with Unknown Etiology Without Behavioral Disturbance." *Id.* at 12. The Report indicates that Defendant "demonstrated an ability to recall information across contacts, and his general orientation remained intact." *Id.* at 12. However, "[f]ormal testing revealed a range of *extremely low* to *low average* functioning across cognitive areas." *Id.* Defendant struggled the most with immediate memory, which the Report states is linked to attention and concentration. *Id.* The Report also indicates that Defendant's physical comfort level "can prove as a distractor for attending to information." *Id.* However, Defendant performed better on visual tasks and best on language tasks. *Id.* at 13. The Report concludes that Defendant's "day-to-day functioning does not appear to be significantly impacted at this time, though he is likely to require at least some minor assistance or changes to his environment to improve daily living." *Id.* Overall, the Report includes a thorough assessment of this diagnosis, as well as Defendant's medical history and relevant personal circumstances.

The evaluator also found that Defendant had an adequate understanding of the court proceedings and an adequate ability to assist defense counsel. D.E. 40 at 13-15. The Report reflects that Defendant identified and provided basic descriptions of the roles and functions courtroom participants, plea options, appropriate courtroom behavior and the offenses charged in the Indictment. *Id.* at 13-14. Defendant demonstrated "a realistic appraisal of potential options and outcomes" and "benefitted from education about information that he did not previously possess." *Id.* at 15. Further, "follow-up conversations and review of phone records indicates an[] ability to retain said information." *Id.* The Report notes that Defendant's functioning may change over time. *Id.* However, the evaluator concluded that Defendant's "neurocognitive functioning does not appear to be a barrier to competency at this time." *Id.*

In conclusion, the evaluator found that there "is no indication of a current mental disease or defect that interferes with his ability to understand the nature and consequences of the charges against him or assist properly with his defense." *Id.* In total, the Report indicates that Defendant is competent to proceed.

Dr. Biber accurately applied the *Dusky* standard as codified in 18 U.S.C. § 4241(a) to determine that Defendant is competent. D.E. 31 at 15. Dr. Biber elicited from Defendant definitions of key terms and participants in a trial, as well as the elements and procedures related to a criminal trial. *Id*. at 13-14. As such, the Report supports a finding that both prongs of the *Dusky* competency test appear to be met in this case, and its conclusions are unrebutted.

Additionally, the Court sought the insight of counsel for Defendant, Hon. Christy Love. Ms. Love indicated that Defendant seemed to understand the contents of the Report and their interactions were consistent with, if not better than, the evaluator's assessment and conclusions. Ms. Love further reported that Defendant's hygiene has improved and his request for an appointment with an oncologist has been approved by the Laurel County Correctional Center where he is being housed.

For the foregoing reasons, the Court finds no evidence which tends to show that Defendant is not competent. That finding, of course, precludes any finding of incompetency by a preponderance of the evidence. Per 18 U.S.C. § 4241(a), Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his own defense. Therefore, the undersigned **RECOMMENDS** that the District Judge find that Defendant is competent to face further proceedings, to include trial, in this matter.

The Court issues this Recommended Disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The parties should consult that statute and Federal Rule of Criminal Procedure 59(b) concerning

the right to appeal to the District Judge. Any objection must be filed within **FIVE DAYS** of the entry of this recommendation. Failure to object per Rule 59(b) waives a party's right to review. Upon expiration of that three-day period, this matter will be submitted to Judge Wier for his consideration and to address the procedural posture.

This the 9th day of January, 2023.

Signed By:
Hanly A. Ingram
United States Magistrate Judge