UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:22-CR-44-REW-HAI |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| EARL SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The Court must consider the Report and Recommendation (DE 41) of United States Magistrate Judge Hanly A. Ingram, addressing whether Defendant Earl Smith is competent to stand trial under 18 U.S.C. § 4241. *See* DE 11 (Defendant's Motion); DE 40 (Minute Entry for Competency Hearing). In August of 2022, Defendant, through counsel, moved for an examination of Defendant's trial competency. DE 14 (Motion); *see also* Fed. R. Crim. P. 12.2. Judge Ingram granted that motion, *see* DE 16 (Order), and Dr. Lacie L. Biber, Psy. D., a Licensed Clinical Psychologist, conducted a custodial evaluation, DE 31 (Sealed Psychiatric Report). Dr. Biber concluded that Smith is competent to stand trial. *See* DE 31 at 15.

With Dr. Biber's report available to the parties, Judge Ingram conducted a competency hearing. DE 40 (Minute Entry). Upon completing that hearing, Judge Ingram recommended that the Court find Smith competent to proceed, based on Dr. Biber's psychiatric evaluation and Smith's and his counsel's representations at the hearing. DE 41 (Report and Recommendation) at 5. Both sides stipulated to Dr. Biber's report, her conclusions, and her qualifications. *Id.* at 1–2. The recommendation, filed on January 9, 2023, advised the parties that any objections must be filed within five (5) days of its entry. *Id.* at 4. This period has lapsed, and neither party has objected.

1

Judge Ingram correctly stated the standard and questions presented, and he followed the proper procedures under § 4241.

This Court reviews *de novo* those portions of a Recommended Disposition to which a party objects. 28 U.S.C. § 636(b)(1). But the Court is not required to "review . . . a magistrate[] [judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985). Where the parties do not object to the magistrate judge's recommendation, they waive any right to review. *See* Fed. R. Crim. P. 59(b)(2); *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017) ("When a party . . . fails to lodge a specific objection to a particular aspect of a magistrate judge's report and recommendation, we consider that issue forfeited on appeal."); *see also United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008) (noting that "[t]he law in this Circuit is clear" that a party that fails to object to a magistrate judge's recommendation forfeits his right to appeal its adoption).

The Court has assessed the full record and Judge Ingram's thorough recommendation. His recommendation relies significantly on Dr. Biber's report. *See* DE 41 (Recommendation) at 2–5. That detailed report applied the *Dusky* and statutory standards faithfully, finding that there "is no indication of a current mental disease or defect that interferes with [Smith's] ability to understand the nature and consequences of the charges against him or assist properly with his defense." DE 31 (Sealed Psychiatric Report) at 15. The expert grounded her findings in a battery of recognized tests, personal interviews with and behavioral observations of Defendant, an interview of Defendant's attorney, email correspondence with the prosecution, an audit of Defendant's phone calls, review of other background materials and medical records, and independent staff observations. Dr. Biber carefully walked through the factual and rational arms of *Dusky* and made

her nuanced points on Smith's problems relative to the competency standard. Her expert analysis stands alone in the record.

Ultimately, Dr. Biber diagnosed Smith with a Mild Neurocognitive Disorder with Unknown Etiology without Behavioral Disturbance. *Id.* at 14–15. However, this diagnosis does not qualify, per the expert, as a "mental disease or defect that interferes with [Smith's] ability to understand the nature and consequences against him or assist properly with his defense." *Id.* at15. Dr. Biber opined that his "neurocognitive functioning does not appear to be a barrier to competency at this time." *Id.*

In sum, to quote Judge Ingram, "[t]he Court finds no evidence which tends to show that Defendant is not competent." DE 41 at 5. The defense, indeed, both sides, stipulated to the report and to its findings. *Id.* at 3. Judge Ingram, who observed Smith in court and also consulted Smith's counsel, perceived no contrary information. *Id.* at 5. The lone supported conclusion under the statute is competency.

Accordingly, the Court **ADOPTS** the Report and Recommendation (DE 41) and **FINDS** Smith competent to face further proceedings in this matter, including trial. The parties **SHALL FILE** a joint report by **February 2, 2023,** indicating trial readiness, trial length, any time needed for full preparation, and any other status matter of note. The Court will then reset the trial date.

This the 30th day of January, 2023.

Signed By:
*Robert E. Wier*  /s/ REW
United States District Judge